# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLLEEN GARDNER *PRO SE*** : | |
| ***ATTORNEY-N-FACT C/O WADE*** : | |
| ***BOOTH***, : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-CV-3903** |
| : | |
| **JOSEPH MARRONE,** : | |
| Defendant. : | |

## MEMORANDUM

RUFE, J.    ~~SEPTEMBER~~ October 1, 2018

Colleen Gardner filed this civil action on behalf of her brother, Wade Booth, against Joseph Marrone, an attorney. (ECF No. 1.) Documents attached to the Complaint reflect that Gardner holds a power of attorney for her brother because he is mentally incompetent. Both Gardner and Booth signed the Complaint, and Booth signed the Motion to Proceed *In Forma Pauperis*. For the reasons set forth below, the Court will treat the Complaint as having been filed by Booth, grant Booth leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction.[1] The dismissal is without prejudice to Booth refiling this case in state court.

---

[1] As Booth has signed the Complaint in accordance with Federal Rule of Civil Procedure 11, the Court will treat the Complaint as having been filed by Booth. A letter from Gardner, which is attached to the Complaint, confirms that Booth is the plaintiff here and that Gardner merely assisted him with the paperwork as his sister and power of attorney. Gardner also acknowledges in that letter that she cannot and does not intend to represent Booth in this case. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself) *see also Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."). While the Court has an obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who

I.  **FACTS**

As explained in more detail in a prior civil action that Booth filed with the assistance of his sister, Booth was assaulted at Inglis House, a facility in Philadelphia for individuals with disabilities, where Booth used to live. *See Gardner ex rel. Booth v. Inglis House Corp.*, 322 F. Supp. 3d 644 (E.D. Pa. 2018). Gardner, on behalf of Booth, contacted Marrone to retain him to represent Booth in a civil lawsuit against Inglis House. (Compl. ECF No. 2, at 10.)[2] At the time, Gardner held power of attorney for Booth and Booth's mother was his legal guardian. At some point during the litigation with Inglis House, Marrone advised Booth to accept a $5,000 settlement "so that [he] can at least get something." (*Id.*) The Complaint indicates that Marrone informed Booth that he had already spoken with Gardner, and "all [he] needed to do was sign the settlement agreement offer so that [he] could get something for the holidays." (*Id.*)

Booth alleges that he "later found out" that his mother and sister did not give permission for him to sign the settlement agreement and were unaware that he had signed it. Booth alleges that what Marrone "said to [him] to get [him to] sign that agreement was a lie and it made [him] think that [his] family . . . agreed to the offer." (*Id.*) Booth "want[s] that settlement agreement voided and set aside because [his] family has power of attorney over [his] legal affairs and the lawyer knew this because they [sic] agreed to the stipulation set forth by [Gardner] when she hired them to represent [him]." (*Id.*) As relief the Complaint also asks that Marrone "take back the $2,309.41 and the lawyer give back [their] share." (*Id.* at 11.)

---

is unrepresented in an action," the Court may still screen the case after granting a motion to proceed *in forma pauperis* to determine whether there are any defects that require dismissal, including any jurisdictional defects. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

## II. STANDARD OF REVIEW

The Court will grant Booth leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Booth is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court construes the Complaint as raising legal malpractice claims under state law, and lacks subject matter jurisdiction over those claims.[3] The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no

---

[3] Nothing in the Complaint could be understood to invoke this Court's federal question jurisdiction. *See Rose v. Husenaj*, No. 17-1621, 2017 WL 3776226, at *2 (3d Cir. Aug. 31, 2017) (concluding that plaintiff failed to invoke the District Court's federal question jurisdiction when there was no substantial basis for his federal claims (quoting *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015))).

3

plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, the Complaint indicates that the parties are not completely diverse. The Complaint provides Philadelphia addresses for both Booth and Marrone, and suggests that both are citizens of Pennsylvania. It is also not clear that the amount in controversy here exceeds the jurisdictional threshold. Accordingly, the Court must dismiss this case for lack of subject matter jurisdiction. In any event, even if this Court had jurisdiction, it could not invalidate Booth's settlement agreement with Inglis House, which is not a party to this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Booth leave to proceed *in forma pauperis* and will dismiss his Complaint. As it appears that Booth cannot cure the defects in his claims, he will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). However, the dismissal for lack of subject matter jurisdiction is without prejudice to Booth refiling this case in the appropriate state court. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.